IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARK CITIES BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:10-CV-1584-K |
| WILLIAM PARKER LEE, individually | § | |
| and as trustee of the William Parker Lee | § | |
| Revocable Trust, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Park Cities Bank's ("Park Cities") Motion for Summary Judgment (Doc. No. 27) and Plaintiff Park Cities Bank's Motion to Strike Defendants' Untimely Response (Doc. No. 32). The Court has considered both motions, all related responses, replies, and evidence submitted by the parties, and applicable law. Park Cities has moved for summary judgment on its claim for breach of a promissory note and seeks the outstanding balance due and owing under the terms of the promissory note, interest, attorneys' fees, and costs. Additionally, Park Cities asks the Court to strike Defendants' Response to Plaintiff's Motion for Summary Judgment.

Because the Court's findings today would remain the same whether the Court considered Defendants' Response to Plaintiff's Motion for Summary Judgment or not, Plaintiff Park Cities Bank's Motion to Strike Defendants' Untimely Response (Doc. No. 32) is **DENIED as moot**. Additionally, the Court has determined that Park Cities has

demonstrated that no genuine issue of material fact exists as to its claim for breach of promissory note. However, at this time, Park Cities has failed to establish the amount of attorneys' fees and costs it is entitled to as a matter of law. Therefore, Park Cities' Motion for Summary Judgment (Doc. No. 27) is **GRANTED in part** and **DENIED in part**. Park Cities is **ORDERED** to submit a more detailed accounting and explanation of the services rendered that allegedly resulted in attorneys' fees of $97,410.00 and costs of $818.78. Additionally, Park cities is **ORDERED** to file supplemental briefing regarding the amount of prejudgment interest that has accrued since June 16, 2011. This accounting and supplemental briefing must be filed **within five (5) days of the date this memorandum opinion and order is signed**. The Court will withhold entry of a final judgment pending review of this briefing.

I.   **Motion to Strike**

As a threshold issue, this Court must first address Plaintiff Park Cities Bank's Motion to Strike Defendants' Untimely Response (Doc. No. 32). Park Cities contends that Defendants failed to comply with Local Rule 7.1(e) by failing to file their response in opposition to Plaintiff's motion for summary judgment within 21 days from the date the motion was filed. Park Cities also notes that Defendants did not request leave to file a late response and have not made a showing to the court of good cause to allow the late filing.

Because the Court's findings today would remain the same whether the Court

considered Defendants' Response to Plaintiff's Motion for Summary Judgment or not, the Court need not consider the merits of Park Cities' Motion to Strike at this time. Therefore, Plaintiff Park Cities Bank's Motion to Strike Defendants' Untimely Response (Doc. No. 32) is **DENIED as moot**.

## II.    Motion for Summary Judgment

Park Cities has moved for summary judgment on its claim for breach of a promissory note and seeks the outstanding balance due and owing under the terms of the promissory note, interest, attorneys' fees, and costs. For the reasons detailed below, Park Cities has demonstrated that no genuine issue of material fact exists as to its claim for breach of promissory note. However, at this time, Park Cities has failed to establish the amount of attorneys' fees and costs to which it is entitled as a matter of law.

### A.    Background

William Parker Lee, individually and as trustee of the William Parker Lee Revocable Trust ("Defendants"), executed a promissory note in December of 2009, in favor of Park Cities. Upon maturity, Lee failed to pay the amount due and owing pursuant to the terms of the promissory note. Consequently, Park Cities filed suit and subsequently filed this Motion for Summary Judgment.

### B.    Summary Judgment Standard

"Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Triple Tee Golf*, 485 F.3d at 261 (citing *Celotex*, 477 U.S. at 322-25).  The burden then shifts to the non-moving party to show the existence of a genuine issue of material fact for trial. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009).

A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *see also Sossamon*, 560 F.3d at 326.

C.   **Analysis**

In its Motion, Park Cities has moved for summary judgment on its claim for breach of a promissory note and seeks the outstanding balance due and owing under the terms of the promissory note, interest, attorneys' fees, and costs.  The Court will examine the alleged breach and various elements of damages in turn.

1. **Recovery on Promissory Note**

Pursuant to Texas law, a plaintiff who sues for recovery on a promissory note need only establish the note in question, that the defendant signed it, that the plaintiff was the legal owner and holder thereof, and that a certain balance is due and owing on the note. *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 505 (Tex. App.–El Paso 2010, no pet.); *Truestar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.–Dallas 2010, no pet.); *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.–Houston [1st Dist.] 1983, writ dism'd); *see also Stucki v. Noble*, 963 S.W.2d 776, 782 (Tex. App.–San Antonio 1998, pet. denied). Through its Motion for Summary Judgment, Park Cities has established that there is no genuine issue of material fact regarding its claim for recovery on a promissory note.

The promissory note at issue in this lawsuit lists William Parker Lee and the William Parker Lee Revocable Trust as the borrower. Doc. No. 28, pg. 5. Furthermore, the note lists Park Cities Bank as the lender. Doc. No. 28, pg. 5. Park Cities has demonstrated, by the deposition of William Parker Lee, that Defendant not only admitted to the execution of the promissory note at issue in this lawsuit but acknowledged his default on the note. Doc. No. 28, pg. 21. By affidavit of the Executive Vice President and Chief Credit Officer at Park Cities, Park Cities established that it is the holder of the note at issue in this lawsuit and that a balance remains due and owing on the note. Doc. No. 28, pgs. 3-4. Pursuant to Texas law, Park Cities has

demonstrated the absence of a genuine issue of material fact regarding its claim for recovery on a promissory note.

Thus, the burden shifts to Defendants to show the existence of a genuine issue of material fact for trial. *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). As detailed above, even considering Defendants' response, the Court still concludes that summary judgment as to the claim for breach of promissory note is proper. Defendants failed to present any evidence contesting liability on the promissory note at issue. In fact, Defendants' response only asserts that Park Cities has not proven the specific amount of interest and attorneys' fees sought as a matter of law.

Park Cities has demonstrated the absence of a genuine issue of material fact regarding its claim for recovery on a promissory note. Therefore, summary judgment is appropriate on this issue.

### 2. Amount Due on the Note

Texas law requires that in a cause of action on a promissory note, the plaintiff must establish the amount due on the note. *FFP Marketing Co., Inc. v. Long Lane Master Trust IV*, 169 S.W.3d 402, 411 (Tex. App.—Fort Worth 2005, no pet.). Generally, an affidavit by a bank employee that sets forth the total balance due on a note is sufficient to sustain an award of summary judgment. *See Martin v. First Republic Bank, Fort Worth, N.S.,* 799 S.W.2d 482, 485 (Tex. App.—Fort Worth 1990, writ denied) (citing *Sparks v. Cameron Employee Credit Union*, 678 S.W.2d 600, 603 (Tex. App.—Houston [14th

Dist.] 1984, no writ)). A lender does not need to file detailed proof with calculations reflecting the balance due on a note. *Hudspeth v. Investor Collection Services Ltd. Partnership,* 985 S.W.2d 477, 479 (Tex. App.—San Antonio,1998, no pet.). "Courts have upheld summary judgments based on affidavits that simply identified a promissory note and a lump sum figure as the principal balance and interest due and owing by the nonmovant on that note." *Id* (citing *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28–29 (Tex. App.—Dallas 1992, no writ); *General Specialties, Inc. v. Charter Nat' l Bank–Houston*, 687 S.W.2d 772, 774 (Tex. App.—Houston [14th Dist.] 1985, no writ)). However, the summary judgment evidence must establish the applicable rate of interest on a note as a matter of law. *Bailey, Vaught, Robertson and Co. v. Remington Investments, Inc.*, 888 S.W.2d 860, 867 (Tex. App.—Dallas1994, no writ).

The Appendix to Plaintiff Park Cities' Motion for Summary Judgment and Memorandum of Law in Support includes the affidavit of Wally Reed, Executive Vice President and Chief Credit Officer at Park Cities. Mr. Reed's affidavit attaches the promissory note at issue. Doc. No. 28, pg. 3. The promissory note details the interest and late charge calculation methods. Doc. No. 28, pg. 5. Based on the terms of the promissory note, Mr. Reed's affidavit provides that as of June 16, 2011, the principal amount due and owing on the note was $12,010,666.56, the accrued interest totaled $380,586.00, and late fees came to $4,933.54. Doc. No. 28, pg. 4.

Based on this summary judgment evidence and Texas law, the Court determines

that Park Cities has established the amount due on the note as a matter of law. Defendants argued, in their response to the summary judgment motion of Park Cities, that Park Cities failed to set forth competent summary judgment evidence to prove its interest and fees.  However, in light of Texas law discussed above, the Court disagrees. Park Cities has demonstrated the absence of a genuine issue of material fact regarding the amount due and owing on the note at issue in this case.  Consequently, Park Cities is entitled to judgment as a matter of law for the amount of $12,396,186.10.

### 3.  Remaining Prejudgment Interest & Postjudgment Interest

Park Cities' Motion for Summary Judgment seeks prejudgment and postjudgment interest in this suit.  Since the award of $12,396,186.10 discussed above only contemplates prejudgment interest through June 16, 2011 (the date on which Park Cities filed its motion for summary judgment), Park Cities is also entitled to prejudgment interest from that date until the date preceding judgment in this case.  This amount is dictated by the promissory note.  Park Cities is hereby **ORDERED** to file supplemental briefing **within five (5) days of the date this memorandum opinion and order is signed**.  The briefing should detail the method of calculation of interest provided by the promissory note and the specific amount of prejudgment interest to which Park Cities is entitled for the period from June 16, 2011 to the date preceding judgment in this case.  For the sake of briefing, Park Cities should provide the Court with the total amount of prejudgment interest for all dates from March 12 to 16, 2012,

and March 19 to 23, 2012 (as if each date is the date final judgment is entered).

Pursuant to Texas law and the promissory note at issue in this case, Park Cities is entitled to postjudgment interest. At the time this Court enters final judgment, postjudgment interest will be awarded at the applicable rate dictated by Texas law.

### 4. Attorneys' Fees & Costs

Park Cities' Motion for Summary Judgment requests attorneys' fees of $97,410.00 and costs of $818.78. Park Cities relies on the affidavit of Kenneth W. Biermacher to support these amounts. Although the affidavit generally discusses factors which Park Cities alleges support an award of $98,228,78 in attorneys' fees and costs, the affidavit does not provide a detailed accounting. Park Cities is hereby **ORDERED** to submit a more detailed accounting and explanation of the services rendered and costs incurred that allegedly resulted in attorneys' fees and costs totaling of $98,228,78. This accounting must be filed **within five (5) days of the date this memorandum opinion and order is signed**.

## III. Conclusion

For the foregoing reasons, Park Cities' Motion to Strike Defendants' Untimely Response (Doc. No. 32) is **DENIED as moot**. Park Cities' Motion for Summary Judgment (Doc. No. 27) is **GRANTED in part** and **DENIED in part**. Park Cities is **ORDERED** to submit a more detailed accounting and explanation of the services rendered that allegedly resulted in attorneys' fees of $97,410.00 and costs of $818.78.

Additionally, Park cities is **ORDERED** to file supplemental briefing regarding the amount of prejudgment interest that has accrued since June 16, 2011. This accounting and supplemental briefing must be filed **within five (5) days of the date this memorandum opinion and order is signed**. The Court will withhold entry of a final judgment pending review of this briefing.

    **SO ORDERED**.

    Signed March 12th, 2012.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE