IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARK CITIES BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:10-CV-1584-K |
| WILLIAM PARKER LEE, individually and | § | |
| as trustee of the William Parker Lee | § | |
| Revocable Trust, | § | |
| | § | |
| Defendant. | § | |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

By Order dated March 12, 2012, this Court granted in part and denied in part Plaintiff Park Cities Bank's Motion for Summary Judgment (Doc. No. 27). Additionally, the Court ordered Park Cities Bank to submit a more detailed accounting of the services rendered that resulted in attorneys' fees of $97,410.00 and costs of $818.78. Finally, the Court ordered Park Cities Bank to file supplemental briefing regarding the amount of prejudgment interest that has accrued since June 16, 2011. As ordered, Park Cites Bank filed supplemental briefing regarding prejudgment interest and attorneys' fees.

The supplemental briefing related to attorneys' fees requested $141,137.50, an amount $43,727.50 higher than the amount originally requested in Park Cities Bank's motion for summary judgment. By Order dated August 8, 2012, the Court gave Defendant five days to respond to the request for additional attorneys' fees. By letter dated August 9, 2012, counsel for Defendant notified the Court that the Defendant would

not be filing supplemental briefing in response to the additional attorneys' fees requested. After a review of the supplemental briefing, the Court has determined that Park Cites Bank is entitled to $469,501.90 in prejudgment interest, $141,137.50 in attorneys' fees, and $350.00 in costs.

I.      **Remaining Prejudgment Interest**

The Court previously detailed in its March 12, 2012 order why Park Cites Bank is entitled to prejudgment interest.  Because Park Cites Bank demonstrated the absence of a genuine issue of material fact regarding the amount due and owing on the note at issue in the case and the applicable rate for prejudgment interest, the Court merely requested supplemental briefing in order to assist the Court in calculating the correct amount for purposes of final judgment.  Consequently, there is no need to discuss the law related to this issue.  The Court now determines that **Park Cites Bank is entitled to $469,501.90 in prejudgment interest** for the period of June 17, 2011 through August 23, 2012, the date preceding judgment in this case.  This amount is determined by calculating 433 days by the per diem interest charge of $1,084.30.

II.     **Attorneys' Fees and Costs**

Park Cities Bank's Motion for Summary Judgment requested attorneys' fees of $97,410.00 and costs of $818.78.  By Order dated March 12, 2012, the Court ordered Park Cites Bank to submit a more detailed accounting and explanation of the services rendered and costs incurred.  Park Cites Bank complied.  This supplemental briefing

requested $141,137.50 in attorneys' fees, a larger amount than originally requested. Because of this, the Court gave the Defendant an opportunity to file his own supplemental briefing. By letter dated August 9, 2012, counsel for Defendant notified the Court that the Defendant would not be filing supplemental briefing in response to the additional attorneys' fees requested.

Texas law governs the award of attorneys' fees in this case. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Pursuant to Texas law, a person may recover reasonable attorneys' and costs when the claim involves a written contract. Tex. Civ. Prac. & Rem. Code § 38.001(8). This award is mandatory so long as there is proof of reasonable fees. *Id*.; *Mathis*, 302 F.3d at 462. Since Park Cites Bank has prevailed on its breach of promissory note claim, Park Cites Bank is entitled to an award of attorneys' fees and costs. The Court has discretion to determine the amount. *Id*.

This discretion is guided by two presumptions. "First, there is a rebuttable presumption of reasonableness for fees that are 'usual' or 'customary.'" *Mathis*, 302 F.3d at 462 (citing Tex. Civ. Prac. & Rem. Code § 38.003 (Vernon 2002)). Second, where the fees are tried to the court, Texas law authorizes the judge to take judicial notice of the "usual and customary fees" and the contents of the case file. *Id* (citing Tex. Civ. Prac. & Rem. Code § 38.004 (Vernon 2002)). Additionally, in determining the reasonableness of attorney's fees, courts consider the following factors: (1) the time and labor involved, (2) the nature and complexities of the case, (3) the amount of money or the value of the

- 3 -

property or interest involved, (4) the extent of the responsibilities assumed by the attorney, (5) whether other employment is lost by the attorney because of the undertaking, (6) the benefits resulting to the client from the services, (7) the contingency or certainty of compensation, and (8) whether the employment is casual or for an established or constant client. *See, e.g., Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997); *Lamajak, Inc. v. Frazin,* 230 S.W.3d 786, 797 (Tex. App.—Dallas 2007, no pet.).

Park Cities Bank has submitted the affidavit of Kenneth W. Biermacher, along with summaries and invoices detailing the attorney services rendered in this case. Because Park Cities Bank prevailed on its claim for breach of promissory note, an award of attorneys' fees is mandatory. Now the Court must determine the appropriate amount. Park Cities Bank submits that $141,137.50 is a reasonable amount.

In Defendant's response to Park Cities Bank's motion for summary judgment, Defendant contested attorneys' fees because no fee bills or billing statements were submitted as evidence. After billing statements were submitted by way of supplemental briefing, Defendant did not file additional objections. Park Cities Bank has now provided billing statements substantiating the amount of attorneys' fees requested. Defendant does not contest the amount.

Counsel for Park Cities Bank spent 373.8 attorney and 133.20 legal assistant hours in this case. This case has been pending for over a year, required review of complex loan

- 4 -

documents, and Park Cities Bank prepared for two trial dates.  Additionally, despite the clear liability by Defendant, the case did not settle, and Park Cities Bank had to prepare significant summary judgment briefing.  Because of these facts, approximately 500 hours in attorney and legal assistant services is not unreasonable.  Additionally, it appears from the provided billing statements that hours were often written off.

In its supplemental briefing, Park Cities Bank sets forth an hourly billing rate for attorneys ranging from $250 to $325 (lower rates than originally offered in Park Cities Bank's motion for summary judgment).  The legal assistant/paralegal billing rate did not exceed $175 per hour.  These billing rates are certainly reasonable compared to billing rates in the Dallas area.

Ultimately, counsel for Park Cities Bank has won at the summary judgment level and prevented the necessity of additional trial costs.  This case will result in a judgment exceeding $12 million dollars for Park Cities Bank.  In fact, Park Cities Bank's counsel successfully won on the entirety of its motion for summary judgment, short of the attorneys' fees and costs issues to be determined by this Order.  In light of the time and labor involved, the nature and complexities of this case, the $12 million dollar plus judgment Park Cities Bank's counsel obtained for their client, and the fact that Park Cities Bank prepared for two trial dates prior to entry of summary judgment, the Court has determined that Park Cities Bank is entitled to the entirety of the attorneys' fees requested.  The Court hereby **AWARDS** $141,137.50 in attorneys' fees to Park Cities

Bank.

As for costs, Park Cities Bank has not clearly established what expenses resulted in the requested costs of $818.78. While the billing statements list a significant amount of expenses, almost, if not, all of them appear to have been voluntarily removed. There is no way for the Court to determine which expenses Park Cities Bank seeks to recover. Consequently, there is no way for the Court to determine whether these expenses were reasonable or necessary. Therefore, the only cost the Court will award at this time is the filing fee, because that fee is the only cost the Court can definitively tell was reasonably and necessarily incurred. The Court hereby **AWARDS** $350.00 in costs to Park Cities Bank.

### III.     Conclusion

After review of all of the briefing and evidence related to Park Cities Bank's motion for summary judgment, the Court has determined that Park Cites Bank is entitled to $469,501.90 in prejudgment interest for the period of June 17, 2011 through August 23, 2012, the date preceding judgment in this case. Additionally, Park Cities Bank has established reasonable and necessary attorneys' fees in the amount of $141,137.50 and is entitled to costs in the amount of $350.00.

**SO ORDERED**.

Signed August 24, 2012.

_Ed Kinkeade_
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE